**MAXWELL v. COMMONWEALTH**
**ex rel. et al.**

Court of Appeals of Kentucky.

June 19, 1953.

Rehearing Denied Jan. 29, 1954.

William B. Gess, Jack F. Mattingly, Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., Hal O. Williams, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Mrs. Paul G. Maxwell, was formerly Mrs. Ruth Rovane Madden, and herein will be designated "taxpayer." The Commonwealth of Kentucky and its various agents, who are appellees, will be called "Commonwealth." This case resulted from the action of Commonwealth in making an additional tax assessment against taxpayer for the year of 1947. The circuit court held that the assessment was proper.

Joseph M. Madden created a trust estate by his will under the terms of which Chase National Bank of New York, trustee, was required:

> "To pay the entire net income from said trust to my wife, Ruth Rovane Madden, during the term of her natural life."

In taxpayer's individual Kentucky income tax return for the year 1947, was reported the sum of $8,661.53 as her distributable share. The trustee also reported in its fiduciary return the same amount as being the net income of the trust and the amount distributable to the beneficiary.

The Department of Revenue made an additional assessment against taxpayer by increasing the amount of income received as "distributable or distributive" trust income to the amount of $28,733.10 and levied a deficiency assessment. This increase resulted from the disallowance of federal income taxes paid by trustee in 1947 on

capital gains of the trust realized in 1946 and a capital loss sustained by the trust in 1947.

The Commonwealth insists that the federal tax and capital loss were properly deducted by the trustee in computing the net taxable income of the trust, but that these amounts should be charged against the corpus of the estate and should not operate to diminish the taxpayer's "distributive" share of income.

Taxpayer insists that when the simple provisions of the statutes are followed, then the amount of income taxes paid to the United States by the trustee and the amount of the loss sustained by the trust are properly deductible from the gross income of the trust when determining the net income of the trust.

Here are excerpts from pertinent statutes involved:

KRS 141.010(5),

" 'Gross income' includes gains, profits and income derived from salaries * * * or gains, profits and income *derived* * * * through estates or *trusts by the beneficiaries thereof,* whether as *distributive or as distributable* shares. * * * "

KRS 141.010(9),

" 'Net income' means the gross income of a taxpayer *less the deductions allowed by this chapter."*

KRS 141.010(13),

" 'Taxpayer' includes any individual, corporation, partnership, association, trust or estate required by this chapter to pay tax or to file reports."

KRS 141.100(1) and (2),

*"Gains* or *losses* from the sale or other disposition of any property * * shall be treated for the purposes of this chapter as all other income or loss, if the property is disposed of within two years from the time acquired. * *

"Income realized or loss sustained from the sale of property held two years or more shall be ignored * *."

KRS 141.080(3) and (4),

"Taxpayers reporting income as prescribed by this chapter shall be allowed the following deductions:

* * * * * *

"(3) * * * income taxes paid to the United States.

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise".

If we turn again to the facts developed in this case, we find that the Chase National Bank of New York, acting as trustee for the Ruth Rovane Madden trust, filed a fiduciary return of income reporting a net income of $8,661.53 distributable to taxpayer. The following deductions had been taken in determining the distributable amount: (1)—Federal income tax paid in 1947 by the trustee, in the amount of $28,098.96, on capital gains resulting from sale of trust assets in 1946 that had been held over two years, and (2)—Capital losses of $634.14 resulting from the sale of trust assets held less than two years.

Taxpayer, in filing her individual 1947 income tax return on a cash basis, included the net distributable income from the trust of $8,661.53 (the amount returned in the trustee's return) in her gross income. There was no attempt by the beneficiary to deduct from her gross income on her individual return any amount paid by the trustee as taxes, nor was there any attempt to carry over to her individual return a capital loss sustained by the trust or taxes paid by the trustee. The sole questions are, did the trustee properly compute the distributive share? and did taxpayer properly return the amount computed as the correct item of gross income on her individual return? We believe both questions should be answered affirmatively.

The statute which places a duty upon a trustee to make a return in its fiduciary

capacity is KRS 141.030, and it reads in part:

"(1) The tax imposed by KRS 141.020 upon individuals shall apply to estates and trusts and to all fiduciaries. * * *

"(2) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts, whether the income is taxable to the estate or trust or to the beneficiaries thereof. The net income of an estate or trust shall be computed in the same manner and on the same basis as provided for individual taxpayers * * the fiduciary shall include in the return a statement of each beneficiary's distributive share of the net income, whether or not distributed".

The Commonwealth argues that it is established by Kentucky case law that in the absence of trust provisions to the contrary, gains realized on the sale of trust assets belong to the corpus of the estate and are not a part of the distributable income and, since, capital gains belong to the corpus, equity demands that federal income taxes resulting from such gains should be paid out of the corpus. Therefore, the income tax paid on the capital gain or the deduction taken because of a capital loss should not reduce the amount distributable to the income of beneficiary. In support of this contention, Commonwealth relies upon First National Bank of Carlisle v. Lee, 66 S.W. 413, 23 Ky.Law Rep. 1897, and Bains v. Globe Bank & Trust Company, 136 Ky. 332, 124 S.W. 343, both of which cases were decided before we had either federal or state income tax law.

The general Kentucky law governing the administration of trusts, which is concerned with the respective rights and obligations as they exist between the trustee, the beneficiary and the remainderman, has no application here. We are concerned only with the interpretation of the income tax laws of this state as expressed by the statutes passed by the General Asssembly. It seems apparent to us that the trustee in this case followed the plain mandates of the above quoted statutes when it computed the amount of the distributive or distributable share of net income of the estate and that appellant properly reported this amount as an item of gross income on her individual return, according to the procedure set forth in the statutes. Statutes levying taxes will not be extended by implication beyond the clear import of the language used. Atlantic Coast Line R. Company v. Commonwealth, 302 Ky. 36, 193 S.W.2d 749.

The judgment is, therefore, reversed and the case is remanded with directions that the court enter an order overruling Order No. 975 of the Kentucky Tax Commission.